(54 Misc. 616)

## HOFFMANN et al. v. GUNST.

(Supreme Court, Appellate Term. June 6, 1907.)

CONTINUANCE—ABSENCE OF PARTY.

 In a civil action it was error to refuse defendant an adjournment on his counsel's application, in his absence, from December 18th to December 24th, on uncontradicted showing of merits, that when the action was filed he had an important engagement in Porto Rico, that issue was joined November 19th and set down for November 26th, that adjournments were taken to December 6th, without being rendered necessary by him, that prior to that day he had engaged passage to Porto Rico for December 1st, that he could not postpone business for a longer time, that he would be able to return as early as December 23d, and that he was a necessary witness.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Continuance, §§ 41–46.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by William Hoffmann and others, trustees of the Cuban American Manufacturing Company, against Lee Gunst. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Nathan, Leventritt & Perham (Henry A. Blumenthal, of counsel), for appellant.

Adam K. Stricker, for respondents.

GILDERSLEEVE, P. J. When this case was called for trial on December 18, 1906, the defendant's attorney moved for an adjournment until December 24th, and submitted two affidavits and a bond, with two sureties, under section 194 of the Municipal Court act (Laws

1902, p. 1547, c. 580). The ground of the application was that the defendant, who it was claimed was a material witness, was then absent in Porto Rico. The plaintiffs opposed the motion upon the ground that the defendant had been subpœnaed as a witness, and the adjournment was thereupon refused.

The affidavit of the defendant contains an affidavit of merits, and recites that at the time this action was instituted he had an important engagement in Porto Rico; that issue was joined on November 19th and was set down for November 26th; that he was then ready for trial, but the case was adjourned until November 28th; that on that day he was ready for trial, but the case was again adjourned until December 6th; that prior to that day he had engaged passage to Porto Rico for December 1st, and that he could not postpone his business there for a longer time; that he would be able to return to this city as early as December 23d; that none of said adjournments were made necessary by any act of his; and that he is a material and necessary witness on the trial—and the affidavit fully sets forth the nature of his testimony, and it clearly is material. The affidavit of the defendant's attorney is also to the same effect, and he also testifies that it will be impossible to safely proceed to trial without the testimony of the defendant. We think, under this proof, which was in no way contradicted by the plaintiff, the adjournment from December 18th to the 24th, a period of but six days, should have been granted. A reading of the record strongly supports this position, as it is clear that the defendant's testimony might have a material effect upon another trial. The interests of justice require a reversal of the judgment and the ordering of a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.